UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDNA COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV1660 AGF |
| ) | |
| AMERICAN HOME ASSURANCE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Presently pending before the Court is plaintiff Edna Coleman's Motion to Remand (Doc. #14). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On October 2, 2008, Plaintiff brought this equitable garnishment action in the Circuit Court of the City of St. Louis, Missouri, against defendants American Home Assurance Company ("American Home") and Laidlaw Transit, Inc. ("Laidlaw"), seeking to garnish insurance proceeds from American Home to satisfy a default judgment she obtained against Laidlaw in an underlying civil cause of action. In that action, Plaintiff obtained default judgment against Laidlaw in the amount of $850,000.00. Defendants removed the cause to this Court on October 28, 2008, invoking this Court's diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(a). Plaintiff now moves to remand the matter back to State court arguing that Defendants waived their right to removal upon defendant Laidlaw's subsequent filing of a

similar action in State court.[1]  Defendants object to the instant motion, arguing, *inter alia,* that the motion is untimely filed.  For the following reasons, Defendants' argument is well taken.

Under 28 U.S.C. § 1447(c), a motion to remand a case to State court "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."[2]  Plaintiff filed the instant motion to remand on April 1, 2009, over five months after the matter was removed to this Court.  A review of the motion shows that Plaintiff did not challenge this Court's subject matter jurisdiction, but rather asserts that Defendants waived their right to removal by Laidlaw's filing of a subsequent State action similar in nature to the instant action.  Because the basis of this argument challenges a "defect other than lack of subject matter jurisdiction," Plaintiff was required under § 1447(c) to file a motion to remand on this basis within thirty days of removal.[3]  This Court is aware of no authority, and Plaintiff cites to none, which permits

---

[1]Attached to Plaintiff's motion to remand is a copy of defendant Laidlaw's Petition in Equity which was filed in the Circuit Court of the City of St. Louis, Missouri, on November 13, 2008.  Laidlaw brought the action under Missouri Supreme Court Rule 74.06(d), seeking to vacate the underlying default judgment.

[2]Prior to 1996, the thirty-day limit set out in § 1447(c) applied to motions to remand "on the basis of any defect *in removal procedure*[.]"  (Emphasis added.)  Congress amended § 1447(c) in 1996 by substituting the phrase "any defect other than lack of subject matter jurisdiction" for "any defect in removal procedure."

[3]The undersigned notes that Laidlaw filed its separate State court action sixteen days after the instant action was removed to this Court–well within the thirty-day period during which Plaintiff could have requested remand based on this alleged non-jurisdictional "defect."

remand on the basis of an alleged non-jurisdictional defect when such defect is not challenged in a timely manner as required under § 1447(c).  Cf. N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995) (statutory purpose served by requiring defects to be raised promptly would be defeated if a party were free to raise such defect more than thirty days after the filing of the notice of removal); Hoste v. Shanty Creek Mgmt., Inc., 246 F. Supp. 2d 776, 780 (W.D. Mich. 2002) (court has no authority to remand case to State court on basis of non-jurisdictional defect raised for the first time more than thirty days after the filing of the notice of removal).  Other than her argument of waiver, Plaintiff raises no other basis for her request to remand this action to State court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Edna Coleman's Motion to Remand (Doc. #14) is **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of May, 2009.