UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| EDNA COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1660 AGF |
| | ) | |
| AMERICAN HOME ASSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently pending before the Court[1] is Defendants' Motion to Compel the Deposition

of Plaintiff (Doc. #12). Plaintiff opposes the motion arguing that the matters about which

Defendants seek to depose Plaintiff are outside the scope of defenses available in this

equitable garnishment action.

Plaintiff brings this equitable garnishment action, pursuant to Mo. Rev. Stat. §

379.200, against defendants American Home Assurance Company ("American Home") and

Laidlaw Transit, Inc. ("Laidlaw"), seeking to garnish insurance proceeds from American

Home, Laidlaw's insurer, to satisfy a default judgment in the amount of $850,000.00

Plaintiff obtained against Laidlaw in an underlying State action. Section 379.200 permits a

judgment creditor to proceed in equity against the tortfeasor defendant and the insurance

company to reach and apply insurance money to satisfy a judgment. Wilson v. Traders Ins.

---

[1]All matters are pending before the undersigned United States Magistrate Judge, with
consent of the parties, pursuant to 28 U.S.C. § 636(c).

Co., 98 S.W.3d 608, 610 (Mo. Ct. App. 2003); Wilkes v. St. Paul Fire & Marine Ins. Co., 92 S.W.3d 116, 125 n.3 (Mo. Ct. App. 2002). Defendants now seek to depose Plaintiff about certain matters relating to the underlying judgment, including the evidence submitted by Plaintiff to support the amount of damages awarded her by default, and the extent to which Plaintiff attempted to provide notice to American Home of the underlying action. Plaintiff objects to the taking of her deposition.

Plaintiff first argues that Defendants cannot depose her regarding their claim that the underlying judgment was not supported by competent evidence, inasmuch as such a claim is one of instrinsic fraud and is not available as a defense in this action. Contrary to Plaintiff's assertion, an insurer in an equitable garnishment action under § 379.200 may raise as an affirmative defense a claim that the underlying judgment against its insured resulted from intrinsic fraud and collusion. Taggart v. Md. Cas. Co., 242 S.W.3d 755, 758-59 (Mo. Ct. App. 2008).

Plaintiff also contends that Defendants cannot depose her regarding whether she provided notice to American Home in the underlying action inasmuch as service of process upon Laidlaw, the tortfeasor, was sufficient. Citing Anderson v. Slayton, 662 S.W.2d 575 (Mo. Ct. App. 1983), Defendants appear to argue that American Home may be relieved of liability in this matter due to lack of notice of the underlying action. Accordingly, Defendants contend that they "should be entitled to examine Plaintiff regarding what, if any, notice she provided to American Home Assurance of the underlying matter." (Defts.' Memo. in Supp. of Mot. at p. 3.) Defendants' argument is misplaced. In Anderson, the insurer was

relieved from liability in the injured party's equitable garnishment action because its *insured*, the defendant-tortfeasor in the action, failed to notify the insurance company of the underlying lawsuit as required by the relevant policy of insurance. Id. As such, while notice of the underlying action by *Laidlaw* to American Home may be relevant to American Home's affirmative defense regarding lack of notice, the undersigned is aware of no authority, and Defendants cite to none, which would relieve an insurance company from liability under § 379.200 for an injured party's failure to provide notice to an insurer of the underlying tort action s/he brings against its insured.

Nevertheless, the positions taken by Plaintiff in opposition to the instant motion are insufficient to absolutely preclude Defendants from deposing Plaintiff regarding any non-privileged matter that is relevant to the claims or defenses raised in this matter. Fed. R. Civ. P. 26(b)(1), (b)(2)(C). Accordingly, Defendants are permitted to proceed with Plaintiff's deposition, subject to appropriate objection(s) at the time of the examination. Fed. R. Civ. P. 30(c)(2).

Therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel the Deposition of Plaintiff (Doc. #12) is **GRANTED**.

AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of May, 2009.